UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. BOYD, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:23-cv-02174-JPH-TAB |
| JACK SURGUY Sgt., et al., | ) |
|       Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff David Boyd is a prisoner currently incarcerated at Pendleton Correctional Facility ("PCF"). He filed this civil action alleging use of excessive force by PCF correctional officers. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley,* 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names as defendants (1) Sgt. Jack Surguy and (2) Sgt. J. Beatty.

Plaintiff alleges that on October 10, 2023, Sgt. Beatty sprayed him with pepper spray and did not allow Plaintiff to decontaminate afterwards. Instead, Sgt. Beatty placed Plaintiff in a shower stall without working water and he was left standing there for 8 hours.

At shift change, Plaintiff saw Sgt. Surguy and asked him to turn on the water. When Sgt. Surguy refused to do so, Plaintiff complained to a captain. The captain ordered Sgt. Surguy to turn on the water and get clothes for Plaintiff. When Sgt. Surguy returned, he and Plaintiff argued, which led to Sgt. Surguy hitting Plaintiff's wrist, hand, and fingers with his fist and by slamming the cuff port down onto Plaintiff. Sgt. Surguy then sprayed Plaintiff in the genitals with pepper spray until the can was emptied. Sgt. Surguy also placed a plastic shield in front of the shower stall, which increased the choking effect of the pepper spray because of lack of air flow. Sgt. Surguy never did turn the water back on in the shower stall. Plaintiff received treatment for injuries sustained during this incident.

Plaintiff seeks damages, and for Sgt. Surguy to be fired, and for any disciplinary sanctions imposed against Plaintiff related to this incident to be expunged.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, Plaintiff's request that any disciplinary sanctions be expunged must be **dismissed** to the extent that those sanctions included deprivation of earned credit time or demotion in credit class. Any relief that would shorten his sentence must be brought in a petition for a writ of habeas corpus, not this civil rights lawsuit. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Eighth Amendment claims **shall proceed** against Sgt. Beatty based on allegations that he did not allow Plaintiff to decontaminate after being pepper sprayed and instead left him in a shower stall without running water for at least 8 hours. Eighth Amendment claims also **shall proceed** against Sgt. Surguy for the physical force he used against Plaintiff, and the application of a large amount of pepper spray to Plaintiff's genitals, and confining Plaintiff in a space without air flow thereafter. "The Eighth Amendment prohibits unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'"

*Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) (quoting *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003), quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

This summary of claims includes all of the viable claims identified by the Court. If Plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 16, 2024,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sgt. Jack Surguy and Sgt. J. Beatty in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 30, 2023, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/17/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

Electronic service to Indiana Department of Correction:
    Sgt. Jack Surguy
    Sgt. J. Beatty
    (All at Pendleton Correctional Facility)


DAVID L. BOYD
263311
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only